UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANCE D. JOHNSON,

                    Petitioner,                    Case No. 2:16-cv-12810
                                                        Hon. Paul D. Borman

v.

ANTHONY STEWART,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO FILE APPEAL IN FORMA PAUPERIS**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Constance Johnson was convicted after she pleaded guilty in the Washtenaw Circuit Court to two counts of uttering and publishing, MICH. COMP. LAWS § 750.249, and two counts of forgery. MICH. COMP. LAWS § 750.248. Petitioner was sentenced under the terms of a plea agreement to four concurrent terms of 1-to-14 years to be served consecutively with pre-existing sentences for her convictions of operating a vehicle under the influence - causing death, MICH. COMP. LAWS § 257.6254, and second-degree child abuse. MICH. COMP. LAWS § 750.136.

The petition raises two claims: (1) Petitioner was denied the effective assistance of counsel when her trial attorney failed to advise her that 173 days of jail credit would be applied to her prior sentences instead of her present sentences, and (2) the trial court failed to exercise its discretion to consider whether consecutive sentences were warranted.

The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability, and it will deny her leave to appeal in forma pauperis.

**I. Background**

Petitioner was originally charged with eight felony counts along with being a fourth-time habitual felony offender in connection with cashing multiple forged checks at a Kroger grocery store in Ypsilanti, Michigan. The parties reached a plea agreement whereby Petitioner agreed to plead guilty to two counts of forgery and two counts of uttering and publishing, and in exchange the prosecutor agreed that Petitioner would be sentenced to four concurrent terms of 1-to-14 years to be served consecutively with the terms of imprisonment she was facing for her prior convictions. Dkt. 8-2, at 3.

Petitioner was placed under oath at the plea hearing. Her counsel placed the terms of the plea agreement on the record, and Petitioner indicated that she wished to plead guilty to the four felony charges. Id., at 4. The trial court explained all of the trial rights Petitioner would be waiving by entering her guilty plea, and Petitioner indicated her understanding and willingness to give up those rights. Id., at 4-5.

Petitioner denied that there were any other agreements that were not placed on the record. Id., at 5. Petitioner denied that anyone had promised her anything else or that anyone had threatened or forced her to enter her plea. Id. She indicated that it was her own choice to plead guilty. Id. The court accepted Petitioner's plea. Id., at 7.

Petitioner was subsequently sentenced under the terms of the plea agreement to four concurrent terms of 1-to-14 years to be served consecutively to her prior sentences. Dkt. 8-3, at 4-5. The court granted Petitioner 173 days of jail credit. Id.

Upon entering the Michigan Department of Corrections, Petitioner's out-dates were calculated. Dkt. 8-4, at 48-49. A memo written to Petitioner from the Department of Corrections indicated that the 173 days of jail credit was "for the time period of 5/8/14 to 10/24/14, which is covered by . . . your controlling sentence. . . . Your controlling sentence is [your prior minimum sentence] plus [your current minimum sentence] on your minimum and [your prior maximum sentence] plus [your current maximum] on the max." Id., at 47. The Department's records indicate that Petitioner's minimum composite sentence will expire on November 29, 2018, and her maximum composite sentence will expire on September 29, 2042. Id.

Petitioner was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals, raising the following two claims:

> I. Defendant was denied the effective assistance of counsel by her counsel's failure to inform her that consecutive sentencing meant that she would not get jail credit for her sentences in this case.
>
> II. The trial court erred in failing to exercise its discretion when it ordered her sentences in this case to be served consecutively to two other unrelated cases.

The Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *People v. Johnson*, No. 327883, at *1 (Mich. Ct. App. July 28,

2015).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims she raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed by the Court. *People v. Johnson*, 876 N.W.2d 553 (Mich. 2016) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of

4

petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

A. Ineffective Assistance of Counsel

Petitioner asserts that her trial counsel rendered ineffective assistance by failing to inform her that her 173 days of jail credit would be applied to her prior sentence instead of her current sentence. She alleges that had she known that the jail credit would be applied to her prior sentence, there is a reasonable probability she would not have entered into the plea agreement. The AEDPA deferential standard of review applies to this claim because the Michigan Court of Appeals rejected Petitioner's application for leave to appeal "for lack of merit in the grounds presented." This decision amounted to a decision

5

on the merits. *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

Ineffective-assistance claims are reviewed under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient, and the deficient performance prejudiced the defense such that the defendant was denied a fair trial. *Id*. at 687. The right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012). To meet *Strickland's* prejudice requirement in the context of the plea process, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). On habeas review, the question becomes "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

At the time she entered her plea, Petitioner was already facing a prison sentence of 50 months-to-15 years for her prior conviction. She was informed during the plea colloquy that the sentence she would receive on her present case would be served consecutively to her prior sentence. Dkt. 8-2, at 3. As the Department of Corrections memo indicates, the 173 days of jail time Petitioner served while her present case was pending was counted against her prior sentence as required by Michigan law. See. Dkt. 8-4, at 47; *People v. Cantu*, 117 Mich. App. 399, 403 (1982) (if consecutive sentences are imposed, any credit for time served should be applied against the first sentence); *People*

*v. Beck*, 2015 Mich. App. LEXIS 2113, *10-11 (Mich. Ct. App. Nov. 17, 2015).

Petitioner claims that she thought the jail credit would be applied to her present sentence instead of her prior sentence. But even if that was the case, it would not alter the time she is required to serve under her combined or composite sentence. When consecutive sentences are imposed, the Michigan Department of Corrections adds the minimum terms of both sentences to calculate the composite minimum sentence, and it adds the maximum terms of both sentences to calculate the composite maximum sentence. See. Dkt. 8-4, at 47-49; MICH. COMP. LAWS § 791.234(3). Therefore, whether the jail credit is nominally subtracted from the prior sentence or the later sentence, the net effect on the composite sentence is the same. In either case, Petitioner would have the same minimum and maximum out-dates. Accordingly, Petitioner's counsel did not perform deficiently by failing to explain that the jail credit would be applied to her prior sentence rather than her current sentence because the difference was inconsequential.

Finally, even if Petitioner was operating under the mistaken assumption that her jail time would somehow be credited towards both of her sentences, and it would reduce her composite sentence by 173 days, she has failed to demonstrate *Strickland* prejudice. Petitioner must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty. *Hill*, 474 U.S. at 58-59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to analyze the substance of the habeas petitioner's underlying defense to determine whether but for counsel's error, the petitioner would likely have gone to trial instead of pleading guilty. See *Maples v.*

7

*Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). The test of whether a defendant would have not pleaded guilty if she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla*, 668 F.3d at 373 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner has failed to show a reasonable probability that she would have prevailed had she insisted on going to trial, or that she would have received a lesser sentence than she did by pleading guilty. Petitioner was caught passing forged checks at a Kroger grocery store. It is difficult to imagine a reasonable basis for choosing to defend the charges at trial rather than accepting the favorable plea deal, and Petitioner offers none. Petitioner was charged with eight felony counts and with being a fourth-time habitual felony offender. She faced the possibility of a sentence of life imprisonment. MICH. COMP. LAWS § 769.12. Petitioner has not shown a reasonable probability that she would have rejected the plea bargain and instead stood trial absent her counsel's allegedly deficient advice.

Because the state court adjudication of Petitioner's first claim did not involve an unreasonable application of the *Strickland* standard, Petitioner has failed to demonstrate entitlement to habeas relief.

B. Consecutive Sentences

Petitioner's second claim asserts that under Michigan law a trial court is granted discretion whether to impose consecutive sentences. Petitioner asserts that the trial court failed to exercise its discretion to determine whether consecutive or concurrent sentences were warranted in her case because it erroneously bound itself to the terms of the plea agreement.

The issue of whether Petitioner was properly sentenced to consecutive terms of imprisonment is not cognizable for purposes of habeas corpus review. See *Harrison v. Parke*, No. 89-6495, 1990 U.S. App. LEXIS 19784, 1990 WL 170428, at *2 (6th Cir. Nov. 6, 1990) ("Because it is a matter of substantive state law whether [a petitioner's] sentence should run concurrently or consecutively, we find the district court did not err in ruling that [a petitioner's] challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding.") (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)); *Jones v. Smith*, No. 94-5259, 1995 U.S. App. LEXIS 2280, 1995 WL 45631 at *1 (6th Cir. Feb. 3, 1995) (petitioner's "contention that his consecutive life sentences are unauthorized under state law does not warrant habeas relief.") (citing *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982)). A trial court's failure to exercise its discretion, standing alone, generally is not a basis for habeas corpus relief. See *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995). Petitioner's second claim simply does not present a cognizable claim.

As neither of Petitioner's claims merit relief, the petition will be denied.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2254 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's resolution of Petitioner's claims because they are devoid of merit. Therefore, the Court denies a certificate of appealability.

The Court will also deny Petitioner leave to appeal in forma pauperis because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. Order

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2017.

s/Deborah Tofil
Case Manager